# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| OLAKWESU Y. ELBEY, <br> Moorish Republic of New Kemit, | : | |
| | : | |
| Petitioner, | : | Case No. 3:10cv00143 |
| | : | |
| vs. | : | District Judge Thomas M. Rose <br> Magistrate Judge Sharon L. Ovington |
| CARL S. HENDERSON, *et al.*, | : | |
| Respondents. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

Petitioner Olakwesu Y. Elbey, a resident of Dayton, Ohio, originally filed this case in the United States District Court for the Southern District of Indiana seeking a habeas corpus. (Doc. #1). Elbey paid his $5.00 filing fee plus $.99 as a gift to the United States. (Doc. #2).

The District Court in Southern Indiana concluded that venue of Elbey's habeas petition is proper in this Court and, consequently, transferred the case to this Court. (Doc. #4). In doing so, the District Court in Indiana noted, "Elbey is charged with an offense in state court in Montgomery County, Ohio. That charge is pending." (Doc. #4).

Elbey's habeas petition and attached exhibits are before this Court for preliminary consideration under Rule 4 of the Rules Governing §2254 Cases. Reviewing Elbey's habeas petition and attached exhibits reveals that he is also known as Larry E. Ealy, a frequent litigator in this Court with a penchant for filing frivolous cases. Regardless of

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

the name he goes by, Elbey or Ealy or any other name, Ealy is subject to a prior Order issued by Chief District Judge Susan J. Dlott. The Order states in part:

> Given Mr. Ealy's extremely abusive case filings, the Court concludes that the least severe sanction likely to deter Mr. Ealy from filing future vexatious and frivolous lawsuits is to impose a permanent injunction prohibiting him from proceeding *in forma pauperis* in any future action filed in this Court and from filing any new complaint, removal petition, habeas corpus petition, and/or other action without the prior approval of the Court. This injunctive relief has no punitive aspect and serves a purely deterrent function. The injunction does not close the courthouse to Mr. Ealy, but does impose financial consequences designed to compel Mr. Ealy to seriously consider what he is doing before initiating yet another lawsuit.

*State of Ohio v. Larry E. Ealy*, 2009 WL 1118704 at *5 (S.D. Ohio, April 24, 2009)(Dlott, Chief D.J.). In the event Ealy wants to file a new action in this Court, Judge Dlott's Order specifically requires him, in part, to attach a copy of Judge Dlott's Order to his new pleading and to also file a "motion for leave to file a new complaint, removal petition, habeas corpus petition, and/or other action in the Southern District of Ohio." *Id*. at *6. The Order directed the Clerk of Court "to reject any complaint, removal petition, habeas corpus petition, and/or other action from Mr. Ealy unless he complies with the Court's instructions." *Id*.

Ealy has obviously attempted to circumvent Chief Judge Dlott's Order by filing his present habeas petition in the Southern District of Indiana, rather than in the Southern District of Ohio, and by proceeding as Petitioner Olakwesu Y. Elbey. This is obvious because Elbey's habeas petition together with the attached Exhibits attack a presently pending misdemeanor criminal case in state court against Larry E. Ealy, Sr. *See* Doc. #1, case summary attached. No lingering doubt exists over the fact that Larry E. Ealy, Sr. is Olakwesu Y. Elbey because he has attached his photo – the photo of Larry E. Ealy – to his habeas petition as he has done in many of his prior frivolous cases. *See State of Ohio v. Larry E. Ealy*, 2009 WL 1118704 at *4-*5. Elbey is therefore subject to the permanent

injunction issued by Chief Judge Dlott and by the filing requirements of her Order. *Id*. at *5-6.

Elbey has not filed a motion for leave to file his habeas petition as required by Chief Judge Dlott's Order. Under the terms mandated by the Order, his present petition is therefore subject to dismissal. *Id*. Elbey's habeas petition, moreover, suffers from the same exhaustion problem that defeated three of his prior habeas cases. *State of Ohio v. Larry E. Ealy*, 2009 WL 1118704 at *4. In the present case, it plainly appears from the face of Elbey's habeas petition and attached Exhibits that he has not exhausted his remedies in the Ohio courts; he instead attacks an ongoing misdemeanor criminal case pending against him in the Montgomery County Court of Common Pleas. He thus runs headlong into not only Chief Judge Dlott's Order but also 28 U.S.C. §2254(b)(1)(A), which requires him to exhaust his state remedies before seeking federal habeas relief. *See Whiting v. Burt*, 395 F.3d 602, 612 (6th Cir. 2005). Having not done so, and having filed the same type of abusive pleading as he has in the past, *see* Doc. #1, Elbey/Ealy's case is subject to dismissal as yet another frivolous case he has brought in federal court.

Accordingly, for all the above reasons, Petitioner should not be granted leave to proceed in this case and his habeas petition should be dismissed.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner be DENIED leave to proceed in this case;

2. The Clerk of Court be directed to apply the requirements of Chief Judge Dlott's Order in *State of Ohio v. Larry Ealy*, Civil Case No. 1:09cv245 (S.D. Ohio)(Doc. #3) to any new pleading filed by Larry E. Ealy or Olakwesu Y. Elbey regardless of whether he captions it under these or any other name;

3. Petitioner's case be DISMISSED; and

4. The case be terminated on the docket of this Court.


April 20, 2010                                   s/ Sharon L. Ovington
                                              Sharon L. Ovington
                                         United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).